UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON LEE SUTTON,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON *et al.*,<br><br>    Defendants. | Case No.  C04-5642FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>**NOTED FOR:**<br>**SEPTEMBER 9th 2005** |

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for default against two unserved defendants.  (Dkt. # 69).

<u>FACTUAL BACKGROUND</u>

  Plaintiff named 11 defendants including Correctional Officer Hoare and an inmate Muse.  (Dkt. # 6).  All defendants except Muse and Hoare accepted service by mail.  Plaintiff now moves for default against the two defendants who did not accept service by mail.

  The allegations in this action are that inmate Muse sexually attacked plaintiff and defendants did not take adequate precautions to protect the plaintiff.  (Dkt. # 6).  Defendants who accepted service have responded to plaintiff's motion and note that neither defendant Muse or defendant Hoare have been served.  (Dkt. # 72).

  Defendants inform the court Mr. Hoare resigned in September of 2003.  The attempt to serve by mail was forwarded to his last known address and there has been no response.  Inmate Muse did not accept service by mail.  (Dkt. # 72).

Defendants correctly note that the court has no jurisdiction over an unserved party and the entry of default judgment is improper. (Dkt. # 72 page 2). Defendants state:

> Mr. Sutton seeks a default judgment based on two Defendants' failure to respond to the service by mail attempted by the U.S. Marshal's Office. However, Mr. Sutton misconstrues the effect of failure to respond to the summons and waiver of service mailed to Defendants.
>
> As noted by Mr. Sutton, Fed. R. Civ. P. 4(d) governs the effect of failure to respond to the summons and waiver of service. Such failure results in personal service of Defendants, who then bear the costs of such service. Fed. R. Civ. P. 4(d).
>
> Fed. R. Civ. P. 55 governs default judgments. However, in order for a default judgment to be entered, the Court must first have jurisdiction over the Defendants. As the Defendants in question have never been served, there is no personal jurisdiction over them. As such, Plaintiff's Motion for Default Judgment should be denied.

(Dkt. # 72 page 2).

Defendants position is well taken. The court does not have personal jurisdiction over either defendant Muse or defendant Hoare and the entry of default would be improper. Accordingly the motion should be **DENIED.**

## CONCLUSION

Plaintiff is not entitled to default against two defendants who did not accept service by mail. The motion for default should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 9th, 2005**, as noted in the caption.

DATED this 15th day of August, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2