UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON LEE SUTTON,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C04-5642FDB

ORDER DENYING PLAINTIFF' MOTIONS REGARDING DISCOVERY

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are two motions regarding discovery filed by plaintiff (Dkt. # 102 and 103). Plaintiff titles both his motions "C37 Submission Regarding Discovery." Review of the motions shows them to be motions to compel. Defendants have responded to the motions (Dkt. # 107 and 108). The motions are ripe for review.

    This action involves plaintiff's allegations that defendants failed to protect him and as a result he was sexually assaulted by another inmate in the Kitchen area of the prison. His first motion asks for three items that were not supplied, or not fully supplied, when he requested them. The first three disputed requests for production are from plaintiff's first request for production. They are requests 15, 16, and 19.

    Plaintiff sent a letter to counsel demanding a full response and defendants replied to that letter. Plaintiff then filed this motion. The first argument is that the letter does not meet the requirements of

ORDER
Page - 1

1  Local Rule 37 regarding an effort to meet and confer. While the rule mandates a face to face meeting or
2  telephonic conference, the court has historically waived this requirement for inmates.
3      The reason for the waiver is that inmates have no control over there location and a face to face
4  meeting may require counsel to drive great distances. Further, generally speaking, inmates can only make
5  collect calls. This puts the counsel in the position of being able to refuse to accept collect calls and then
6  arguing there has been no meeting. On inmate cases, the court allows a good faith effort to confer by
7  made by letter. Defendants argue the letter in question was simply a demand for information and not an
8  attempt to confer. Again, the court disagrees. The letter alerted counsel to a discovery dispute. While the
9  content of the letter may not have mentioned rule 37 or been worded as a meet and confer letter, it meets
10 the minimal requirements of apprising counsel that there is a discovery dispute and putting counsel on
11 notice as to plaintiff's position.
12     The first request for production that is in dispute is Request 15. This request asks for "[a] copy of
13 all mental health notes typed-up and drafted by contract employee Paul Martin at the Clallam Bay
14 Corrections Center Clinic/Health Case Unit" (Dkt. # 102, page 3). The parties seem to agree that this
15 request is limited to notes regarding mental health sessions with the plaintiff. Defendants provided notes
16 from several, but not all sessions. Defendants contend this is all the notes there are. After further inquiry
17 defendants acknowledge there were more sessions, but contend they have provided all notes remaining in
18 existence. Plaintiff has not shown otherwise. Defendants cannot be compelled to produce documents that
19 do not exist. This motion is **DENIED.**
20     Request for production of documents 16 asks for "[a] copy of the most updated
21 location(s)/addresses and phone numbers of the following D.O.C. employees and inmates. Letters (a)
22 through (m) listed" (Dkt. # 102, page 5).
23     Defendants responded stating (a) through (f) are persons represented by counsel and plaintiff may
24 contact them through counsel. To the extent the request sought the locations of inmates or other
25 employees, the request was objected to as "not relevant and not reasonably calculated to lead to the
26 discovery of admissible evidence." (Dkt. # 102, page 5). Plaintiff argues Letters (i) through (l) are the
27 names of inmates who are potential witnesses to plaintiff's emotional state prior to and after the incident.
28 Plaintiff does not indicate any of these persons have any admissible information about the alleged sexual

assault itself. Thus, at most, these witnesses would go to the issue of damages and not liability.

Request for production 19 asks for the legal face sheet of several inmates, including the person who allegedly sexually attacked the plaintiff. Again, defendants object based on relevance. Defendants also object to providing this information based on concerns regarding security. Defendants note the face sheets contain a great deal of personal information regarding inmates including: social security numbers, non-conviction data, criminal conviction history, and sex offender information (Dkt. # 107, page 6).

Defendants correctly note:

> Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if information requested by a party is relevant, the Court may deny discovery if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). In determining the likely benefit the Court may consider "the needs of the case, the amount in controversy, the parties. resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Id.

(Dkt. # 107, page 2).

Plaintiff alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment. With the exception of inmate Muse, the information regarding other inmates is not relevant to whether a sexual assault occurred. The parties agree sexual contact occurred on the date in question between plaintiff and inmate Muse. The only question of fact on this issue is whether that contact was consensual sex or assault. Plaintiff's requests to compel responses to his first set of requests for production, items 16 and 19 are **DENIED.** The information sought is of limited relevance. The burden and security concerns attendant with disclosure out weigh the benefits to plaintiff's case.

Plaintiff's second motion, (Dkt. # 103), concerns responses to his second request for production of documents. Again, three responses are contested. They are requests 17, 19, and 20 (Dkt. # 103).

Request 17 asks for defendants to "[p]hotocopy and produce the D.O.C. employment records for the following D.O.C. employees: letters (a) through (h) listed (Dkt. # 103, page 2). Defendants object as the request does not identify what records in the employment file are being sought. Other objections are that the request is unduly burdensome, overly broad, compound, and seeks information which is exempt from disclosure under state law. Employment records contain a great deal of personal information which would be irrelevant to this action. The request is, thus, overly broad and unduly burdensome. This request is **DENIED.**

1     Request number 19 asks for photocopying and production of any and all grievances filed against any D.O.C. employees concerning negligence or misconduct at the Clallam Bay Correction Center. The defendants raise numerous objections including overly broad and unduly burdensome. Request of this nature ask for a plethora of irrelevant information. The motion is **DENIED.**

    Plaintiff's final request is for a photocopy of documents providing information concerning all other investigations of sexual assault or misconduct at the Clallam Bay Corrections Center since it opened in the early 1980's (Dkt. # 103). Plaintiff fails to show this information would be admissible or relevant in his case and the motion is **DENIED.**

    The clerk is directed to send copies of this order to plaintiff and counsel for defendants and to remove (Dkt. # 102 and 103) from the court's calendar.

    DATED this 5 day of November, 2007.

                          /S/ *J. Kelley Arnold*
                          J. Kelley Arnold
                          United States Magistrate Judge